IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-18-235 |
| | * | |
| ANTOINE BENJAMIN | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Now pending is Antoine Benjamin's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 29). Benjamin seeks relief on the basis that he suffers from asthma, and that FCI Hazelton, where he is currently incarcerated, is taking insufficient precautions to protect Benjamin from COVID-19.

To the extent that Benjamin requests home confinement, the court is without authority to grant it. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

As for Benjamin's request for compassionate release, the court is not persuaded that Benjamin's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Benjamin does not include with his motion medical records that would support his contention that he suffers from asthma and he does

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria— to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, 452 F. Supp. 3d 320, 323–24 (D. Md. 2020) (citing cases).

not indicate the severity of his alleged condition. But even assuming that Benjamin could provide such documentation, the court does not find it constitutes an extraordinary and compelling reason for Benjamin's release.

      The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 16, 2020). The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition "are at increased risk" (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition "might be at an increased risk" (e.g., type 1 diabetes). *Id.* Asthma is in the latter group. *Id.* Benjamin is relatively young (28 years old), and while the court does not doubt that Benjamin's asthma impacts his life, the CDC's data collection shows that the evidence as to whether asthma poses an increased risk of severe illness due to COVID-19 is, at this time, "mixed." *See Coronavirus Disease 2019 (COVID-19): Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (updated Oct. 6, 2020). Absent evidence of other underlying conditions that make Benjamin particularly vulnerable to COVID-19, the court does not believe Benjamin's asthma alone is grounds for compassionate release. *See United States v. Hicks*, No. CR JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020) (holding that a defendant's "self-reported asthma and hypertension . . . do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief"); *United States v. Wiggins*, No. CR ELH-13-512, 2020 WL 4436373, at *6 (D. Md. Aug. 3, 2020) (declining to find defendant's

mild asthma during the COVID-19 pandemic was an extraordinary and compelling reason for compassionate release).[2]

The court acknowledges Benjamin's concerns about the spread of COVID-19 at FCI Hazelton. But in light of the court's conclusion that Benjamin's underlying condition does not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction, the court also finds that the conditions at FCI Hazelton do not provide grounds for Benjamin's sentence to be reduced.[3]

Accordingly, Benjamin's motion for compassionate release (ECF 29) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this __29th__ day of October, 2020.

                                            /S/
                             Catherine C. Blake
                             United States District Judge

---

[2] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.
[3] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.